This is our first case of the morning. Hart v. Withers v. Withers, 4090146. For the appellant, Mr. Passwater, the athlete is waived due to illness. Do you wish to present your argument? May it please the Court. My name is Randy Passwater. I represent the appellant in this case, Carl and Elizabeth Hart. The decision that's appealed from is the decision of Roger Holmes in which he denied plaintiff's causes of action with respect to common law fraudulent concealment and breach of contract arising out of a sale of a home. He also found for the plaintiff with respect to the residential real property disclosure violation, but awarded plaintiff's no damages. The main principle issue on appeal is whether that ruling, the decision that you can award no fine for a plaintiff as to a residential real property disclosure violation but award them no damages is irreconcilably inconsistent. We believe that to be the case. I will begin with a brief statement of the facts, if it would please the Court to do so, and then proceed into my argument. We're familiar with the facts. What if the attorney's fees were $50,000 and yet, as apparently concluded by Judge Holmes here, you showed no connection, no causal connection between the breach or between the violation of the act and the reason that you brought the lawsuit? I believe that Judge Holmes was incorrect in finding that there was no causal connection. I think that when you talk about this fact pattern, a residential real property disclosure, where a person relies upon a disclosure in a house and you prove what the act says, when you prove knowing false disclosure, that there are damages. But did you prove that it was knowing? I believe that I did prove that it was knowing. In this particular case, the facts are that this gentleman, the defendant, on a day four years prior to this occasion, looked down inside of his crawl space and saw four feet of water. There are pictures that were produced in front of the trial court which showed that a creek in the backyard had overflowed the bounds of the creek, had moved all the way up to the house, had proceeded past the house, entirely surrounded the house. Those pictures, which are in the record, show this house was flooded. The defendant admitted it was flooded. And yet, when he came to fill out that residential real property disclosure report, when he got to the line that said, are you aware whether your basement or crawl space is flooded, he checked no. In doing so, my clients were damaged because they relied upon that statement. Doesn't that have to require the person filling out the form to, as you describe the form, is it flooded? Is is present tense verb? Was it flooded when he filled it out? I understand what you're saying and I think what the court is getting to is what this court rejected in the Hogan case. Whether we're going to look at the subjective state of mind of these people when they fill out these forms in deciding these cases. The statutory language as to these forms is prescribed by the legislature. The General Assembly went through and specifically determined or made a determination as to what the specific language of this form should be. And it lists things which I would point out are conditions of a house. Are you aware of material defects in the walls or floors? Are you aware of flooding, for example? A common sense approach to that is very simply, yeah, you're aware. This guy knew. If he didn't know that there was a flood in that basement, then I think that clearly... Did the form ask whether or not there had ever been flooding in the past? Or did it ask, is it flooded now? The specific language of that form on that box is very simply, are you aware of whether... Let me get into the specific language here. It's, I am not aware of flooding or reoccurring leakage problems in the crawlspace or basement. In this case, the evidence was there was this one flood event. But the evidence also is that there was reoccurring leakage. If you go through the facts of the case, what you find is that this was a crawlspace that had no drainage system. It had no visqueen or vapor barrier that was laid down. One of the things that my client saw as damages was he went out and he obtained a waterproofing system. He obtained a set of pipes that funneled all the water to the sump pumps, got it out of the house. He put down visqueen, which would prevent future water from infiltrating the house. I think that as an actual damage was something that the court absolutely should have awarded. Very simply, the house as it was represented to him was a house that had not flooded and was not subject to reoccurring leakage. He, in fixing the house, tried to get the benefit of his bargain. Tried to get the house that was represented to him, a house that was not subject to leakage. A house that had systems in place to prevent water from going into the crawlspace or basement. When we talk about actual damages, I think that this client, particularly with regard to the water system that he installed, had actual damages and should have been awarded those by the trial court. The other major damage that he saw was mold remediation. That seems to be what the trial court focused on in saying, wait a second. Mold, we're not comfortable with this. I don't know that I want to give award of damages for mold. At least that's what I think was the underlying issue that the trial court tried to address. I don't know what caused the mold. I don't know how to trace that to anything. I think there was a line in the sand, if you will, that was drawn at mold. If this court wants to affirm on that basis and say, look, mold, no, but waterproofing repairs, yes, I think that would be consistent. Let's go back to what if the trial court believed the homeowner who said, a year after the flood, I'm in the crawlspace and I'm putting up wires relating to my TV or whatever. Yeah, it's like any crawlspace, but there's no accumulated water. There's no mold. There's no rotten floor joists that I can be aware of. I'm down there crawling around doing this work. Understanding, your client may say, well, that's beyond belief. But the trial court is the fact finder. If the trial court believes that, that immediately calls into question the notion of recurring leakage, recurring flooding. And he also testifies, and the trial court might say, well, this sounds very candid. Yeah, I got some pumps down there and they kicked in. I mean, I don't know that I would have found the same. And the question isn't whether we would have found the same if we were the trial judges. The question is, what is it that he did that was wrong? And you've already conceded that he could have concluded, or apparently did conclude, there's no way to make the connection between the mold. I mean, you disagree that you think your witnesses probably were strong enough, your expert was strong enough to do that. But there was evidence on the other side. So you do that, and then you consider, well, yeah, there was a flood, and it dried out. And I went down in my crawlspace, and I was there doing work. How do you discount what the trial court heard and apparently believed? I think if this is a, as the court correctly points out, if it comes down to an issue of what will the witnesses say, do I believe the trial court, then the court's correct. However, what I'd like to point out, or what I'd like to differentiate on that point is, the injury in this case is the purchase of the home in reliance upon a false statement. This gentleman, my client, would not have purchased this house but for this false disclosure. In going down, this house had a problem. It had a defect. That defect was that it flooded prior to this event. It flooded at the time in 2002, which was shown by the pictures, and it flooded when my client had the house itself. It continued to be subject to this condition. of being subject to water infiltration, being subject to a condition of water infiltration, which is mold. So, if I answered the court's question, what I'd like to say is, I think the court got confused as to what is the, you know, it's not whether to believe my client or the other client, it's very simply the evidence was that there was a defect in this home. There was a false disclosure, a knowing false disclosure, in terms of, if the court wants to say, okay, we're going to believe them that there was no reoccurring leakage, that's what the trial court found. And I don't know that's the case. I think the trial court came up with a third theory, that this was always subject to no vapor barrier and that was the cause of the mold, which is what the record would suggest.  The issue is whether there was a knowing false disclosure, which is what was in the statute, and that was, in fact, true. And so, in terms of my client's damage, he, again, went in and tried to fix the specific condition, which was incorrectly described on the disclosure report. And I don't know that that's an issue of the witness's credibility or not. I don't think that's the case. Moving to the major issue here, or another major issue, attorney's fees, in general, in American rule, is that you each pay your own attorney's fees. This Act provides that the court may award attorney's fees. And I would suggest that this fact pattern here presents this court with a bright line area where it can provide some direction as to when attorney's fees should be applied. Very simply, in this case, the defendants did not disclose. They knew the home was subject to flooding and they simply checked the box no. That presents the court with a very specific set of facts that you could set out a bright line rule. If you lie on this, if the plaintiff shows that there is a knowing false disclosure, then you should award attorney's fees, or at least that should be something that should be strongly considered. The majority of the cases in this area, typically like the Hogan case that this court decided, which I think is the seminal case in this area, you have a situation where you have a partial disclosure or you have a check the box yes and an explanation. This case is different. This case involves someone who knew the home flooded and they checked the box no. This particular fact pattern, I think, is right for the court to come in and say that's a case where the court really should look at attorney's fees. The court set out the test for awarding attorney's fees under the Act in the Bazell case, which was decided by this court as well. That court case goes through and says that the court should at least look at the following factors. It talks about bad faith. It talks about the ability of the plaintiff to the merits of the decision. It talks about attorney's fees under 137 and some of the standards there. In this particular case, Justice Holmes just flatly denied my client's request for attorney's fees. I think that at the very least, if the court does take a look at this and does decide to reverse this, it should apply those factors that are set forth in Bazell. This court has taken a look at attorney's fees very recently in the Haken case. It addressed it in the Mid-Northern case. Grove v. Huffman, I think the court has taken a strong position in terms of deciding when attorney's fees are appropriate. In this case, it does provide a chance for this court to provide some very clear guidance. The benefits of setting out some clear guidance on attorney's fees is that it resolves issues before they get to court. It presents attorneys when they sit down and look through the case law and look at the facts to make a determination to settle the case and resolve the case short of trial. This case, in terms of money value, was a $5,000 case. How has it come up to this level? This is a $5,000 case where the defendant, the seller, simply lied to the purchaser. If there is a decision in this court that sets out that if you lie, that would be a strong basis for finding attorney's fees. If that is the decision, if that becomes the law in the state of Illinois, what that will do is allow these cases to not proceed to what I would suggest is a large waste of time and attorney's fees in this case not to occur in the future. The arguments are set forth in the brief, but I'd like the court to take a look at that issue. There's a number of issues that were raised by the defendants in the case. Their principal argument is that damages are an essential element of a cause of action under the Residential Real Property Disclosure Act. I would suggest that damages are largely presumed in terms of when you have a violation of this act. Very simply, if you check a box, know that there's not a problem with plumbing and you, as the plaintiff, come in and prove that there was a problem with plumbing and you bought a house based upon the reliance that that system was fine, you've been damaged. The damages are really pretty simple in terms of how they're assessed. It's cost of repair. That's all that my client is asking for. Very simply, he's just asking that you be awarded the cost of repairing this crawl space. Those costs are very reasonable and very negligible in terms of purchase price of this home. This is not an expensive home. It's not a home that would not justify the court in awarding some minimal fees. Why didn't you ask for a rescission? Another difficulty in these cases is there's a very short timeline in terms of the statute of limitations. They are very difficult to prove in terms of bringing an expert to come in and show what exactly is the problem. In this particular case, my client purchased the home in August. Immediately they noticed an odor of mold when they got into the house. They had an expert out there within a matter of weeks trying to get into the crawl space, but the problems that they had was that expert couldn't do the remedies that they wanted to do in terms of actually get in and diagnose the problem. The crawl space was very simply too wet. It turned out to be into the following spring before a lot of the remedies in terms of what was done were done. In terms of rescission, it's difficult for a homeowner who has just paid a lot of money, I would suggest, just paid a lot of money for a home, to try to figure out what exactly is wrong just to start out with. There was an argument in throughout part of the defendant race that these are insurance policies. Very simply, these are not insurance policies. You have a very short period of time in which you have to go in and diagnose it. It's often a complex system and bring a cause of action, choose to try to rescind the contract, make a demand upon the seller. In terms of the practicalities of these cases, they're very difficult to prove. They're very difficult to proceed on. That's another reason why I think that it would be appropriate for the court to provide some direction as to attorney's fees. With that, I very simply would just ask that the court take a hard look at the facts of this case and see if it wants to provide some direction. I think that it would be very appropriate for the court to reverse and remand this to the circuit court. This case involves someone who very simply lied, who very simply made a decision that they were going to mark no, not disclose the condition, because they wanted to sell a house. I think that in terms of resolving these cases, some guidance as to attorney's fees would be not only appropriate, but would be of great assistance to the bar and would be a benefit in these kinds of situations. Thank you. Thank you, counsel. We'll take this matter under advisement.